**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NANCY J. WHALEY,

    Appellant,

v.

TERRY ALAN TENNYSON,

    Appellee.

CIVIL ACTION NO.
1:08-CV-3428-RWS

## **ORDER**

This case is before the Court on appeal from the Bankruptcy Court. After considering the briefs of the parties and the record below, the Court enters the following Order.

**I. Procedural History**

Mr. Tennyson filed the underlying bankruptcy case on November 10, 2007. Nancy J. Whaley was assigned as the Standing Chapter 13 Trustee for the case.

As Trustee, Whaley filed Objections to Confirmation of the Debtor's plan, on which the Bankruptcy Court heard arguments on February 26, 2008.

On September 30, 2008, the Bankruptcy Court entered an order denying the Trustee's Objections and directing that the Debtor's plan be confirmed. The Trustee timely filed a notice of Appeal on October 8, 2008.

## II. Jurisdiction and Standard of Review

Pursuant to 28 U.S.C. § 159(a)(1), the Court has jurisdiction over appeals of final judgments, orders, and decrees of the Bankruptcy Court. The conclusions of law made by the Bankruptcy Court in its final Order confirming the Debtor's plan are subject to de novo review, but the findings of fact may not be set aside unless deemed clearly erroneous. In re Graupner, 537 F.3d 1295, 1299 (11th Cir. 2008); see also In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990).

## III. Questions Presented

Appellant presents the following two questions on appeal:

1. Did the Court below (the Bankruptcy Court) err in confirming the Debtor's plan over the Trustee's objection that the plan fails to provide a

2

60 month applicable commitment period when the Debtor's income is above the median income for a similar household size in Georgia?

2. Did the Bankruptcy Court err in determining that the applicable commitment period is irrelevant when a Debtor has no disposable income listed on the Official Form 22C and pursuant to 11 U.S.C. § 1325(b)?

## IV. Factual Background

On November 10, 2007, the Debtor filed the Voluntary Petition, Schedules and Statement of Financial Affairs, and the Official Form 22C-Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (hereinafter "Form 22C") and a Chapter 13 Plan.

The Debtor's Form 22C reflects monthly income in the amount of $3,229.37. Pursuant to 11 U.S.C. § 1325(b)(4) Form 22C Line 15, the Debtor has an annual income of 38,752.44. This income amount exceeds the median family income for a household of one in the State of Georgia, as stated on Form 22C Line 16.

3

The Debtor's Form 22C provides for monthly disposable income in the amount of negative $349.30 per month reflected on Form 22C Line 58. The Debtor's Schedule I, Current Income of Individual Debtor(s), reflects gross income of $3,301.00 per month and after taxes and withholdings income of $2,185.00 per month. The Debtor's Schedule J, Current Expenditures of Individual Debtor(s), reflects actual monthly expenses of $1,765.00, leaving a monthly net income after expenses of $420.00 which is available to be paid to creditors per the plan. The discrepancy between Form 22C and net monthly income on Schedule J is a result of varying definitions of income and expenses. 11 U.S.C. § 707 (b)(2)(A).

The Debtor filed a Chapter 13 plan that provided for a plan payment of $420.00 per month for an applicable commitment period of 60 months. However, the Debtor amended his plan on November 12, 2007, changing his applicable commitment period from 60 months to 36 months. These terms were confirmed by the Bankruptcy Court below.

AO 72A
(Rev.8/82)

## V. Analysis

An individual who files a Chapter 13 case is required to propose a plan to repay creditors over a period of time. A Chapter 13 plan is typically a reorganization of debts which allows the Debtor to retain his or her property.

Here, the parties disagree as to the application of the new provisions of Chapter 13, specifically with regard to a Debtor who is above the median income for a similar household in the state but who has zero or negative disposable income. After considering the entire record and the arguments of the parties, the Court adopts the reasoning of the court below and **AFFIRMS** the ruling of the Bankruptcy Court.

At issue is the application of three subsections of the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter the "BAPCPA") of the bankruptcy code. First, § 1322(d)(1) states that an above-median income debtor's plan "may not provide for payments over a period that is longer than 5 years." 11 U.S.C. § 1322(d)(1). Second, § 1325(b)(4) states that "[f]or purposes of this subsection, the 'applicable commitment period' . . . shall be not less than 5 years . . ." for above-median income debtors. 11 U.S.C. §

5

1325(b)(4)(A)(ii). And third, an objection to confirmation of a plan triggers § 1325(b)(1), which provides:

> (b)(1) If the Trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the Court may not approve the plan unless, as of the effective date of the plan -
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the value of such claim; or
>
> (B) the plan provides that all of the Debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11. U.S.C. § 1325(b)(1). Further, under BAPCPA, unsecured creditors are to receive "all of the debtor's projected disposable income . . . in the applicable commitment period." 11 U.S.C. Sec. 1325(b)(1)(B).

Appellant argues that Section 1325 mandates a sixty month plan. The Debtor responds that this section only requires a sixty month commitment period when a debtor has some projected disposable income to fund a plan. The Bankruptcy court held that the Debtor's position was the reasonable and correct interpretation of these subsections.

The Court concludes that the Debtor presents the most reasonable interpretation of the statute. "Any money other than projected disposable income that the debtor proposes to pay does not have to be paid out over the applicable commitment period." In re Kagenveama, 541 F.3d 868, 876 (9th Cir. 2008). "[T]here is no reason to extend plans artificially if there is no requirement that debtors pay a dividend to unsecured creditors over time." In re Alexander, 344 B.R. 742, 751 (Bankr. E.D.N.C. 2006). In so concluding, the Court adopts the reasoning of the court below:

> The parties agree that the Debtor's monthly disposable income is negative $349.30. Therefore, the Court finds that under these circumstances the Debtor's projected disposable income is also negative. Because the Debtor has no projected disposable income, the applicable commitment period in sections 1325(b)(1)(B) and (b)(4) does not require the Plan to extend sixty months.

Order, Case No. 07-78937-CRM, [Dkt. No. 25]. Though some courts have adopted the view proposed the Trustee, the Court notes that this ruling is in line with numerous courts that have held that when a debtor has no projected disposable income, the applicable commitment period becomes irrelevant. In re Kagenveama, 541 F.3d 868; In re Ellis, 388 B.R. 456 (Bankr. D. Mass. 2008);

AO 72A
(Rev.8/82)

In re Green, 378 B.R. 30 (Bankr. N.D.N.Y. 2007); In re Lawson, 361 B.R. 215 (Bankr. D. Utah 2007); In re Alexander, 344 B.R. 742.

For these reasons, the Court **AFFIRMS** the decision below.

## VI. Conclusion

In Conclusion, the decision of the Bankruptcy Court is hereby **AFFIRMED**.

**SO ORDERED**, this  14th  day of August, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)